**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Jerry W. NALL, Respondent.**

Supreme Court of Kentucky.

April 22, 1980.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director Kentucky Bar Ass'n, Frankfort, for complainant.

William E. Rummage, Carol M. Pate, Owensboro, for respondent.

PER CURIAM.

This is a disciplinary proceeding in which Jerry W. Nall, an attorney of Owensboro, Kentucky, is charged with three instances of unprofessional and unethical conduct tending to bring the bench and bar into disrepute. SCR 3.130.

The trial commissioner of the Kentucky Bar Association found respondent guilty on two charges and not guilty on the third. The Board of Governors of the Kentucky Bar Association found the respondent guilty on all three counts and recommended that the respondent should be publicly reprimanded for his conduct.

The record and proper certifications were filed by the complainant with this court and the respondent has failed to file any protest. SCR 3.370(5), (6).

The basis of the Kentucky Bar Association's complaint against the respondent attorney lies in his conduct before a hearing officer acting on behalf of the Kentucky Department for Natural Resources and Environmental Protection.

Several hundred residents of Webster County, Kentucky, protested the action of said agency in granting permission to a local industry to add pollution control equipment to its plant. Respondent entered his appearance on behalf of seven of those protestants. In spite of written notice that he did not, in fact, represent four of those seven, he did not remove his name, as attorney, for nearly two months. His continuous conduct before and towards the hearing officer was rude and sarcastic. In addition, he gave an interview to a radio station in which he described the hearing as a "mere farce" and as a "kangaroo court." Lastly, but certainly not least, during the course of the hearing he sent a letter to the Governor of Kentucky, Julian Carroll, in which he complained of the manner in which the hearing officer had conducted the hearing and accused him of "atrocious, biased and prejudicial acts." He sought the Governor's "assistance in this matter." The purpose of the letter was clearly to have the Governor remove the hearing officer from the case.

This conduct is not acceptable and this court, being advised, finds the respondent, Jerry W. Nall, guilty of unprofessional and unethical conduct which tended to bring the bench and bar of the Commonwealth of Kentucky into disrepute. He is hereby publicly reprimanded.

The costs of this action are assessed against the respondent.

All concur.